United States District Court for the
Northern District of Illinois
Eastern Division

| | |
|---|---|
| Oksana Permitina, US Citizen Spouse )<br>&, Rauf Teymurzada, Alien (A089 273 777); )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Elaine Duke, Acting Secretary of )<br>the Department of Homeland Security; )<br>L. Francis Cissna, Director of the )<br>U.S. Citizenship and Immigration Services; )<br>Thomas Cioppa, Chicago District Director, )<br>U.S. Citizenship and Immigration Services; )<br>Christopher A. Wray, )<br>Director of Federal Bureau of Investigation )<br>)<br>Defendants ) | **Case No.**<br><br>**Civil Action** |

**Plaintiffs' Complaint for Writ in the Nature of Mandamus**

COMES NOW, Plaintiffs, in the above styled and numbered cause, and for cause of action would show unto the Court the following:

## I. INTRODUCTION

1. This is a civil action brought by the Plaintiffs to compel the Defendants to take action on the Petition (USCIS Form I-130) filed by Plaintiff, Oksana Permitina, that was filed with the United States Citizenship and Immigration Services (hereafter USCIS or Service), and which Defendants have failed to take timely action on.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC §1331 (federal subject matter jurisdiction in conjunction with 28 USC §1361 (mandamus), the Administrative Procedure Act (APA) (5 USC §555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC §1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". There is jurisdiction of all civil actions arising under 28 USC §1361 (mandamus), the Administrative Procedure Act (APA)

(5 USC §555(b) and 5 USC §702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

   4. Under 28 USC §1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff".

   5. The APA requires USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 USC §555(b). Plaintiffs contend that the delays in processing their I-130 Petition for Alien Relative (hereinafter the "Petition") are unreasonable.

   6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the petition adjudication process. 8 USC §1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens". (emphasis added.) The code of Federal Regulations further provides that each: "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 CFR §245.6 (emphasis added); and, most importantly, that "the application *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 CRF §245.2. (emphasis added.) The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendant to adjudicate family-based immigration petitions.

   7. Venue of this action is proper under 28 USC §1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district is adjudicating the plaintiffs' Petition.

### III. **PARTIES**

   8. Plaintiffs are husband and wife. Mr. Rauf Teymurzada is a native and citizen of Azerbaijan. Ms. Oksana Permitina is a US Citizen. Ms. Permitina filed the Petition, USCIS case number MSC1391524534, also file number A089 273 777. The Petition was received by the Defendant USCIS and is currently pending.

   9. Defendant, Elaine Duke, is the Acting Secretary of the Department of Homeland Security (DHS), and this action is brought against her in her official capacity. She is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. §1103(a); 8 C.F.R. §2.1.

10. Defendant, L. Francis Cissna, is the Director of the United States Citizenship and Immigration Service (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of benefits and immigration services. 8 C.F.R. §100.2(a).

11. Defendant, Thomas Cioppa, Chicago District Director, Field Office Director is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS within the District. 8 C.F.R. §100.2(d)(2)(ii). As will be shown, Defendant Director is the official with whom Plaintiffs' applications remains pending.

12. Defendant, Christopher A. Wray, is Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of Homeland Security. As will be shown, Defendant has failed to complete the security clearances on Plaintiffs' case.

## IV. FACTS

13. Mr. Rauf Teymurzada is a native and citizen of Azerbaijan. He was born on April 30, 1975.

14. Mr. Teymurzada is married to Ms. Permitina, a citizen of the United States. The Plaintiffs have a US citizen child together, Ruslan Permitin, born in 2012.

15. Prior to filing the Petition, Mr. Teymurzada was in removal proceedings and was subject to a final order of deportation. Mr. Teymurzada is currently in custody in the Defendant Department of Homeland Security's custody and his removal from the US is imminent.

16. The Petition was received by the Defendant in 2013, USCIS, case number MSC1391524534, also file number A089 273 777. One of the Defendant's Examiners at the Chicago District Office interviewed the Plaintiffs concerning the Petition on February 11, 2015.

17. On April 7, 2015 USCIS requested more evidence from Plaintiffs. Plaintiffs timely responded to the request in July 2015.

18. Since July 2015 the Defendants have neither requested more information nor otherwise taken action on the Petition even though the interview took place over two (2) years ago. The USCIS has not provided plaintiffs any information regarding the status of the Petition, other than the standard vague replies of "is in process" or is "pending action".

19. Plaintiffs have performed numerous inquiries, both written and in-person via the USCIS INFOPASS service, as well is direct contact with the adjudications office at the Chicago District Office. Plaintiffs have only been able to find out the case is still pending further review. Defendants have still not adjudicated the Petition or requested any additional evidence since July 2015.

## V. REQUEST FOR RELIEF

20. The allegations contained in paragraphs 1 through 19 above are repeated and realleged as though fully set forth herein.

21. Plaintiffs have complied with all of the requirements for seeking adjudication of the Petition.

22. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the Petition.

23. The delay in adjudicating the Petition is not attributable to Plaintiffs, as Plaintiffs have provided all relevant documentation at the interview of February 11, 2015 and in response to Defendant's request for evidence in July 2015. Additionally, Plaintiffs, in making inquiries to USCIS have offered to provide any additional information required by USCIS.

24. The Defendants owe Plaintiffs a duty to adjudicate the Petition and has unreasonably failed to perform that duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process the Petition.

25. The delay is unreasonable per se.

26. The delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that the Petition can be processed in less time now than in prior years.

27. The delay is unreasonable in light of the fact that Plaintiffs have been interviewed and provided requested evidence. Since the fact-finding has been completed, there is no reason for any further delays.

28. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Plaintiff Teymurzada will be deported and separated from his US citizen spouse and child.

29. The delay is unreasonable in light of the fact that the USCIS has been unable to adequately respond to any of the Plaintiffs inquiries on the pending Petition – this despite the fact that Plaintiffs have made inquiries and have spoken directly with officers who work at the USCIS District Office in Chicago.

30. By making numerous inquiries on the status of the Petition, Plaintiffs have exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the Plaintiffs' Petition.

**WHEREFORE**, and in light of the foregoing, Plaintiffs, pray that the Court:

A. Assume jurisdiction herein;
B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the I-130 Petition for Alien Relative;
C. Grant such other and further relief, as the Court deems appropriate and just;
D. Grant attorney's fees and costs of court.

Respectfully Submitted,

                                      Law Office of Jason Sager & Associates

                                      /s/ Jason Sager, Esq.
                                        Jason Sager, Esq.

JASON SAGER, ESQ.
PLAINTIFF & ATTORNEY FOR PLAINTIFF
2915 WEST DEVON AVE
CHICAGO, IL 60659
773-338-3200 - phone
773-338-7002 - fax